■ In the Matter of City of New York, Respondent, v Local 1549 of District Council 37, American Federation of State, County and Municipal Employees, et al., Appellants. [669 NYS2d 559] —Order, Supreme Court, New York County

(William McCooe, J.), entered November 28, 1996, which granted petitioner's motion to vacate the remedy portion of an arbitration award dated February 8, 1996 rendered in *Matter of Local 1549, D.C. 37 (N. Y. C. Off. of Labor Relations)* (Case No. A5475-94), unanimously affirmed, without costs.

The remedy fashioned by the arbitrator exceeded his power as delimited in the applicable provisions of the citywide collective bargaining agreement at issue. Pursuant to that agreement, the arbitrator was empowered only to order petitioner to follow a particular course of action to remedy a determined health and safety violation. Plainly, this carefully circumscribed grant of power did not authorize that portion of the arbitrator's award reimbursing the grievants for annual leave taken by them during the period of the conceded violation.

The City's participation in the arbitration did not effect a waiver of its right to seek post-arbitration vacatur of the award on the ground that it exceeded the arbitrator's power (*Matter of Silverman [Benmor Coats]*, 61 NY2d 299; *Hackett v Milbank, Tweed, Hadley & McCloy*, 80 NY2d 870, 871-872). Nor may a waiver be inferred from the parties' stipulation which merely framed the issue submitted to the arbitrator.

We have reviewed the other arguments made by the parties and find them to be without merit. Concur—Milonas, J. P., Nardelli, Williams and Mazzarelli, JJ.